IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES ROSEN,<br>        Plaintiff | CIVIL ACTION |
| v. | NO: |
| THE BOEING COMPANY,<br>        Defendant | |

**COMPLAINT AND JURY DEMAND**

I. **INTRODUCTION AND JURISDICTION:**

Plaintiff, Charles Rosen, claims of Defendant, The Boeing Company, a sum in excess of $150,000 in damages upon a cause of action whereof the following is a statement:

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to the Plaintiff by the laws of the United States of America.

2. This action arises under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), and the Americans with Disabilities Amendments Act of 2008 ("ADAA"). These claims are brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination with respect to Plaintiff's compensation, terms, conditions and privileges of employment by Defendant, based on improper and unlawful acts of disability discrimination and retaliation for opposing discrimination in the workplace. Plaintiff also asserts discrimination and retaliation claims under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq.

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, the ADA and the ADAA, which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff's claims arising under the PHRA.

5. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

6. All conditions precedent to the institution of this suit have been fulfilled. A Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC") on June 13, 2017, and this action has been commenced by the Plaintiff within ninety (90) days of receipt of said notices. Plaintiff has exhausted all other jurisdictional prerequisites to the maintenance of this action.

## III. PARTIES

7. Plaintiff, Charles Rosen, is an individual and citizen of the State of California who resides therein at 1960 ½ S. Corning Street, Los Angeles, California.

8. Defendant, The Boeing Company, was and is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a principle place of business located at 1 S. Stewart Avenue, Ridley Park, Pennsylvania.

9. At all times relevant hereto, Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendant.

10. At all times material herein, Defendant has been a "person" and "employer" as defined under the ADA, ADAA, and PHRA, and is subject to the provisions of each Act.

## IV. STATEMENT OF CLAIMS

11. Plaintiff was employed by Defendant as a Mechanical Engineer from in or about October, 1997, until on or about July 2, 2015, when he was terminated from his position of employment as a result of the discriminatory and retaliatory employment practices complained of herein.

12. Throughout his tenure of employment with Defendant, Plaintiff performed all of his job functions in a dutiful and competent manner. In connection thereto, Plaintiff received numerous accolades and awards for his superior performance. At the time of Plaintiff's termination he was earning a salary of approximately $80,000.00 per annum, plus benefits.

13. During the course of his employment, Plaintiff was diagnosed with a medical condition know as Attention Deficit Disorder ("ADD"). This condition constitutes a disability within the meaning of the ADA, ADAAA and PHRA, in that Plaintiff is substantially limited in a major life activity, was perceived as being disabled by Defendant, and/or maintained a record of impairment during his employment with Defendant.

14. In or about February 2015, Plaintiff advised his immediate supervisor, Will Tolotta ("Tolotta") of the nature of his disability.

15. In connection thereto, Tolotta asked Plaintiff whether he required any accommodations for his disability. When Plaintiff indicated that he did indeed needed assistance with multi-tasking, Tolotta responded in a discriminatory and derogatory manner by commenting: "that really limits you."

16. At or about that time, Plaintiff also informed Defendant's Human Resources Department about his disability and reiterated the communications he had with Tolotta about his condition and need for accommodation.

17. Thereafter, notwithstanding Plaintiff's continued requests for reasonable accommodations, Defendant failed to provide him with the same or to engage him in any interactive discussions concerning what he needed in order to perform his job functions to the best of his ability.

18. Instead, in or about April, 2015, Defendant placed Plaintiff on a Performance Improvement Plan ("PIP") for alleged performance deficiencies in relation to a particular project. In connection thereto, the project in question required a substantial amount of multi-tasking, the precise function about which Plaintiff requested and required reasonable accommodation.

19. Thereafter, Plaintiff also received arbitrary and unsubstantiated write-ups which were issued by Tolotta.

20. Notwithstanding his requests for reasonable accommodations, as aforesaid, Plaintiff was terminated from his position of employment on or about July 2, 2015.

21. Thereafter, Plaintiff registered a complaint regarding his termination to Defendant's Ombudsman wherein he outlined the nature and extent of his disability,

and the fact that his manager failed to engage him in an interactive discussion regarding his disability or offer him reasonable accommodations. Notwithstanding his complaint, Defendant failed to undertake any post-termination investigation or any remedial action on Plaintiff's behalf.

22. Plaintiff believes and therefore avers that he was denied reasonable accommodation and subsequently terminated solely as a result of his disability and in retaliation for requesting reasonable accommodations.

## COUNT I
## (ADA/ADAA)
### Plaintiff v. Defendant

23. Plaintiff incorporates by reference paragraphs 1 through 22 of this Complaint as though fully set forth herein at length.

24. The actions of Defendant through its agents, servants and employees, in failing to afford Plaintiff reasonable accommodations, and in discharging him from his employment due to his disability and in retaliation for requesting reasonable accommodations, constituted a violation of the ADA and the ADAA.

25. As a direct result of Defendant's willful and unlawful actions in violation of the ADA and the ADAA, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT II
## (PHRA – Disability Discrimination and Retaliation)
### Plaintiff v. Defendant

26. Plaintiff incorporates by reference paragraphs 1 through 25 of this Complaint as though fully set forth at length herein.

27. The actions of Defendant, through its agents, servants and employees, in failing to offer Plaintiff reasonable accommodations, in subjecting him to retaliation for requesting reasonable accommodations, and by terminating Plaintiff, constituted a violation of the PHRA.

28. Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

29. As a direct result of Defendant's willful and unlawful actions in violation of the PHRA, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of potential earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of potential back pay, front pay and interest due thereon.

## PRAYER FOR RELIEF

30. Plaintiff repeats the allegations of paragraph 1 through 29 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendant and order that:

(a) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment and other non-pecuniary losses as allowable;

(c)     Defendant pay to Plaintiff punitive damages, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d)     The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

THE LOVITZ LAW FIRM, P.C.

By:_____
KEVIN I. LOVITZ, ESQUIRE
ID #70184
1650 Market Street, 36th Fl.
Philadelphia, PA 19103
(215) 735-1996 Phone
(267) 319-7943 Fax
Attorney for Plaintiff,
Charles Rosen